## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALCON PHARMACEUTICALS LTD. and )
ALCON RESEARCH, LTD.,                           )
                                                                )
                        PLAINTIFFS,                   )    C.A. No. 1:11-cv-00587 (SLR)
            V.                                                )
                                                                )
LUPIN LTD. and                                        )
LUPIN PHARMACEUTICALS, INC.,          )
                                                                )
                        DEFENDANTS.                 )

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS
## LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.

Defendants Lupin Ltd. (Lupin Ltd.) and Lupin Pharmaceuticals, Inc. (Lupin Pharma) (collectively "Lupin") by and through their attorneys, respond to each of the numbered paragraphs to the Complaint filed against it by Plaintiffs Alcon Pharmaceuticals Ltd. (Alcon Pharmaceuticals) and Alcon Research, Ltd. (Alcon Research) (collectively "Alcon"), as follows:

1.        Lupin admits that plaintiffs propose to bring this action under the patent laws of the United States. Lupin also admits that, Lupin Ltd. submitted ANDA 202-867 for approval of a generic version of VIGAMOX® ophthalmic solution, a drug product containing moxifloxacin hydrochloride, prior to the expiration of U.S. Patents Nos. 6,716,830 and 7,671,070. Lupin denies all other allegations in paragraph 1.

2.        On information and belief, Lupin admits that Alcon Pharmaceuticals has a place of business at Route des Arsenaux 41, 1701 Fribourg, Switzerland. Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore denies them.

3.      On information and belief, Lupin admits that Alcon Research has a place of business at 6201 South Freeway, Fort Worth, Texas 76134.  Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and therefore denies them.

4.      Lupin admits that Lupin Ltd. is a corporation organized and existing under the laws of India, with a place of business at Laxmi Towers, B Wing, Bandra Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India, and with its only places of business located in India; that Lupin Ltd. develops, manufactures, markets and sells pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the United States Food and Drug Administration under applicable law.  Lupin denies the remaining allegations made in paragraph 4.

5.      Lupin admits that Lupin Pharma is a Virginia corporation and a wholly-owned subsidiary of Lupin Ltd. and that it has a place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland, 21202.  Lupin Pharma further admits that it distributes generic drugs for sale and use throughout the United States, including in this judicial district.  Lupin denies the remaining allegations made in paragraph 5.

6.      Lupin admits that Lupin Ltd. develops, manufactures, markets and sells pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the United States Food and Drug Administration under applicable law.   Lupin does not contest jurisdiction in this district for the purpose of this lawsuit only. Lupin further asserts that Alcon fails to state a claim against Lupin Pharma in this action. Lupin denies all other allegations in paragraph 6.

7.     Lupin admits that Lupin Ltd. develops, manufactures, markets and sells pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the United States Food and Drug Administration under applicable law. Lupin further asserts that Alcon fails to state a claim against Lupin Pharma in this action. Lupin denies all other allegations in paragraph 7.

8.     Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that jurisdiction and venue are proper only for the claims directed against Lupin Ltd.. Lupin further asserts that Alcon fails to state a claim against Lupin Pharma in this action. Lupin denies all other allegations in paragraph 8.

9.     Lupin admits that Lupin Ltd. develops, manufactures, markets and sells pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the United States Food and Drug Administration under applicable law.  Lupin does not contest jurisdiction and venue in this district for the purpose of this lawsuit only.  Lupin further asserts that Alcon fails to state a claim against Lupin Pharma in this action. Lupin denies all other allegations in paragraph 9.

10.     Lupin admits that Lupin Ltd. develops, manufactures, markets and sells pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the United States Food and Drug Administration under applicable law.  Lupin does not contest jurisdiction and venue in this district for the purpose of this lawsuit only.  Lupin denies all other allegations in paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no answer is required.  As to those, to the extent an answer is required, denied.  Lupin Ltd. does not contest personal jurisdiction in this judicial district for the purpose of this lawsuit only.  Lupin further asserts that Alcon fails to state a claim against Lupin Pharma in this action.  Lupin denies all other allegations in paragraph 11.

## COUNT I – INFRINGEMENT OF THE '830 PATENT

12.     Lupin incorporates its responses to paragraphs 1-11 as if fully set forth herein.

13.     Lupin admits that United States Patent No. 6,716,830 ("the '830 patent"), titled "Ophthalmic Antibiotic Compositions Containing Moxifloxacin," was issued by the United States Patent and Trademark Office ("Patent Office"), that the issue date set forth on the face of the '830 patent is April 6, 2004, and that Alcon, Inc. appears on the face of the '830 patent as assignee of Gerald Cagle, Robert L. Abshire, David W. Stroman, and John M. Yanni.  Lupin denies that the '830 patent was "duly and legally" issued.  Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relative ownership interests in the '830 patent between Alcon, Inc. and Alcon Pharmaceuticals, and therefore denies them.  Lupin denies all other allegations in paragraph 14.

15.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Alcon Research's interests in the '830 patent, and therefore denies them.  Lupin denies all other allegations in paragraph 15.

4

16.     Lupin admits that the '830 patent claims a topical ophthalmic pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.  Lupin denies all other allegations in paragraph 16.

17.     Lupin admits that the FDA "Orange Book" lists patents that claim an approved drug or claim a use of an approved drug and that the '830 patent is listed in the "Orange Book" with respect to the Vigamox ophthalmic solution.  Lupin denies all other allegations in paragraph 17.

18.     Lupin admits that Lupin Ltd.  transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '830 patent.  Lupin denies all other allegations in paragraph 18.

19.     Lupin admits the allegations in paragraph 19.

20.     Lupin denies the allegations in paragraph 20.

21.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.     Lupin denies the allegations in paragraph 22.

23.     Lupin denies the allegations in paragraph 23.

24.     Lupin denies the allegations in paragraph 24.

25.     Lupin denies the allegations in paragraph 25.

26.     Lupin admits that Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture,

use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '830 patent. Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26, and therefore denies them.

27.　　Lupin denies the allegations in paragraph 27.

28.　　Lupin denies the allegations in paragraph 28.

29.　　Lupin denies the allegations in paragraph 29.

## COUNT II – INFRINGEMENT OF THE '070 PATENT

30.　　Lupin incorporates its responses to paragraphs 1-29 as if fully set forth herein.

31.　　Lupin admits that United States Patent No. 7,671,070 ("the '070 patent"), titled "Method of Treating Ophthalmic Infections with Moxifloxacin Compositions," was issued by the United States Patent and Trademark Office ("Patent Office"), that the issue date set forth on the face of the '070 patent is March 2, 2010, and that Alcon, Inc. appears on the face of the '070 patent as assignee of Gerald Cagle, Robert L. Abshire, David W. Stroman, and John M. Yanni. Lupin denies that the '070 patent was "duly and legally" issued. Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, and therefore denies them.

32.　　Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relative ownership interests in the '070 patent between Alcon, Inc. and Alcon Pharmaceuticals, and therefore denies them. Lupin denies all other allegations in paragraph 32.

33.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Alcon Research's interests in the '070 patent, and therefore denies them.  Lupin denies all other allegations in paragraph 33.

34.     Lupin admits that the '070 patent claims a method of treating ophthalmic infections, which comprises topically applying to the eye a therapeutically effective amount of a pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefore.  Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and therefore denies them.

35.     Lupin admits the '070 patent is listed in the "Orange Book" with respect to the Vigamox ophthalmic solution.  Lupin denies all other allegations in paragraph 35.

36.     Lupin admits that Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '070 patent.  Lupin denies all other allegations in paragraph 36.

37.     Lupin admits the allegations in paragraph 37.

38.     Lupin denies the allegations in paragraph 38.

39.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them.

41.     Lupin denies the allegations in paragraph 41.

42.     Lupin denies the allegations in paragraph 42.

43.     Lupin admits that Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '070 patent.  Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43, and therefore denies them.

44.     Lupin denies the allegations in paragraph 44.

45.     Lupin denies the allegations in paragraph 45.

46.     Lupin denies the allegations in paragraph 46.

47.     Lupin denies the allegations in paragraph 47.

### COUNT III – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '830 PATENT

48.     Lupin incorporates its responses to paragraphs 1-47 as if fully set forth herein.

49.     Paragraph 49 contains legal conclusions to which no answer is required.  To the extent an answer is required, denied.

50.     Lupin admits that the '830 patent claims a topical ophthalmic pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.  Lupin denies all other allegations in paragraph 50.

51.     Lupin admits that Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture,

use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '830 patent. Lupin denies all other allegations in paragraph 51.

52.     Lupin admits the allegations in paragraph 52.

53.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them.

54.     Lupin denies the allegations in paragraph 54.

55.     Lupin denies the allegations in paragraph 55.

56.     Lupin denies the allegations in paragraph 56.

57.     Lupin denies the allegations in paragraph 57.

58.     Lupin admits Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '830 patent. Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58, and therefore denies them.

59.     Lupin denies the allegations in paragraph 59.

60.     Lupin denies the allegations in paragraph 60.

61.     Lupin denies the allegations in paragraph 61.

62.     Lupin denies the allegations in paragraph 62.

**COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '070 PATENT**

63.     Lupin incorporates its responses to paragraphs 1-62 as if fully set forth herein.

64.     Paragraph 64 contains legal conclusions to which no answer is required. To the extent an answer is required, denied.

9

65.     Lupin admits that the '070 patent claims a method of treating ophthalmic infections, which comprises topically applying to the eye a therapeutically effective amount of a pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefore.  Lupin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65, and therefore denies them.

66.     Lupin admits that Lupin Ltd. transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the expiration of the '070 patent.  Lupin denies all other allegations in paragraph 66.

67.     Lupin admits the allegations in paragraph 67.

68.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies them.

69.     Lupin is without knowledge or information sufficient to form a belief as to the truth of the  allegations in paragraph 69, and therefore denies them.

70.     Lupin denies the allegations in paragraph 70.

71.     Lupin denies the allegations in paragraph 71.

72.     Lupin admits that Lupin Ltd.  transmitted a Notice of Paragraph IV Certification regarding ANDA No. 202-867 on May 19, 2011, including notification that Lupin Ltd. submitted ANDA No. 202-867 to the FDA to obtain approval to engage in the commercial manufacture, use and sale of an ophthalmic drug product containing moxifloxacin hydrochloride before the

expiration of the '070 patent. Lupin is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 72, and therefore denies them.

    73.    Lupin denies the allegations in paragraph 73.

    74.    Lupin denies the allegations in paragraph 74.

    75.    Lupin denies the allegations in paragraph 75.

    76.    Lupin denies the allegations in paragraph 76.

    77.    Lupin denies the allegations in paragraph 77.

## AFFIRMATIVE DEFENSES

    78.    Further responding to the Complaint, and as additional defenses thereto, Lupin

asserts the following defenses, without admitting any allegations of the Complaint not otherwise

admitted and without assuming any burden when such burden would otherwise be on Alcon.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '830 Patent)

    79.    Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market

a generic version of Vigamox ophthalmic solution prior to the expiration of the '830 patent has

not infringed any of the claims of the '830 patent.

    80.    Lupin's manufacture, use or sale, offer for sale or importation of the products that

are the subject of Lupin Ltd.'s ANDA No. 202-867 have not infringed, do not infringe, and

would not, if marketed, manufactured, used, sold, offered for sale, or imported, infringe any

valid or enforceable claim of the '830 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '830 Patent)

    81.    Each of the claims of the '830 patent is invalid for failing to meet one or more

conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
## (Non-Infringement of the '070 Patent)

82.     Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market

a generic version of Vigamox ophthalmic solution prior to the expiration of the '070 patent has

not infringed any of the claims of the '070 patent.

83.     Lupin's manufacture, use or sale, offer for sale or importation of the products that

are the subject of Lupin Ltd.'s ANDA No. 202-867 have not infringed, do not infringe, and

would not, if marketed, manufactured, used, sold, offered for sale, or imported, infringe any

valid or enforceable claim of the '070 patent.

## FOURTH AFFIRMATIVE DEFENSE
## (Invalidity of the '070 Patent)

84.     Each of the claims of the '070 patent is invalid for failing to meet one or more

conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

85.     Alcon fails to state a claim as to Lupin Pharma in this action.

## COUNTERCLAIMS

For its counterclaims against Alcon Pharmaceuticals Ltd. and Alcon Research, Ltd. Lupin

Ltd. states as follows:

## THE PARTIES

86.     Lupin Ltd. is a corporation organized and existing under the laws of India, with a

place of business at Laxmi Towers, B Wing, Bandra Kurla Complex, Bandra (East), Mumbai,

Maharashtra 400 051, India, and with its only places of business located in India; that Lupin Ltd.

develops, manufactures, markets and sells pharmaceutical products, including generic

pharmaceutical products.

87.     On information and belief based on the allegations of Complaint paragraph 2, Alcon Pharmaceuticals Ltd. is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Route des Arsenaux 41, 1701 Fribourg, Switzerland.

88.     On information and belief based on the allegations of Complaint paragraph 3, Plaintiff Alcon Research, Ltd. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6201 South Freeway, Fort Worth, Texas 76134.

## JURISDICTION AND VENUE

89.     This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and Rule 13(a) of the Federal Rules of Civil Procedure.

90.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

91.     Alcon Pharmaceuticals and Alcon Research are subject to personal jurisdiction in this District at least by reason of its commencing and continuing to prosecute this action.

## THE CONTROVERSY

92.     Lupin Ltd. holds Abbreviated New Drug Application ("ANDA") No. 202-867 for a product comprising 0.5% moxifloxacin HCl ophthalmic solution.

93.     On information and belief based in part on the allegations of Complaint paragraphs 14 and 15, Alcon Pharmaceuticals or Alcon Research is the holder of the New Drug Application ("NDA") No. 21-598.

13

94.     On information and belief, the '830 patent is listed in the Patent and Exclusivity Addendum in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") for NDA No. 21-598.

95.     On information and belief based in part on the allegations of Complaint paragraph 13 and 14, Alcon Pharmaceuticals is the owner of the '830 patent.

96.     On information and belief, the '070 patent is listed in the Patent and Exclusivity Addendum in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") for NDA No. 21-598.

97.     On information and belief based in part on the allegations of Complaint paragraph 31 and 32, Alcon Pharmaceuticals is the owner of the '070 patent.

98.     On May 19, 2011, Lupin Ltd. provided Notice of Paragraph IV Certification to Alcon, Inc., Alcon Pharmaceuticals and Alcon Research pursuant to section 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act and 21 C.F.R. §§ 314.94(a)(12)(A)(i)(4) and 314.95(a).

99.     Lupin Ltd.'s Notice of Paragraph IV Certification to Alcon Pharmaceuticals and Alcon Research included assertions that the '830 and '070 patents are invalid.

100.     Lupin Ltd.'s Notice of Paragraph IV Certification to Alcon Pharmaceuticals and Alcon Research included assertions that the '830 and '070 patents are not infringed by Lupin's 0.5% moxifloxacin HCl ophthalmic solution made under ANDA No. 202-867.

101.     On or about July 1, 2011, Alcon Pharmaceuticals and Alcon Research filed the present action against Lupin alleging, *inter alia*, infringement of the '830 and '070 patent.

## RELATED LITIGATION

102.    On information and belief, on or about April 5, 2006, Bayer Healthcare AG,

Alcon Pharmaceuticals Ltd and Alcon Research Ltd filed suit against Teva Pharmaceuticals USA

Inc. (Teva) for infringement of the '830 patent in this district.  This action is Civil Action

No. 1:06-234-SRL.

103.    On information and belief, on or about October 19, 2009, this Court rendered an

opinion finding that Teva infringed the '830 patent and that Teva had failed to establish that the

'830 patent was invalid, and ordered the Clerk to enter judgment.

104.    On information and belief, on or about October 20, 2009, judgment was entered.

105.    On information and belief, on or about November 2, 2009, Alcon Inc. and Alcon

Research moved to amend and/or correct the judgment.

106.    On information and belief, on or about November 9, 2009, Teva filed a notice of

appeal.

107.    On information and belief, on or about November 19, 2009, the notice of appeal

was docketed at the Federal Circuit and issued docket number 2010-1097.

108.    On information and belief, on or about November 30, 2009, the Federal Circuit

docketed in Appeal No. 2010-1097, a letter apprising the Court of a Rule 59 motion pending in

this court.

109.    On information and belief, on or about December 7, 2009, the Federal Circuit

deactivated Appeal No. 2010-1097.

110.    On information and belief, on or about August 5, 2010, this Court granted in part

and denied in part the motion to amend/correct the judgment.

111. On information and belief, on or about April 8, 2011, this Court ordered a substitution of the parties.

112. On information and belief, on or about April 7, 2011, Alcon Pharmaceuticals and Alcon Research Laboratories Inc. filed suit against Watson Laboratories Inc., Watson Pharmaceuticals Inc. and Watson Pharma for infringement of the '830 and '070 patents. This is Civil Action No. 1:11-cv-293-SRL.

113. On information and belief, on or about July 21, 2011, this Court ordered a stay of Civil Action No. 1:11-cv-293-SRL. On information and belief, the Order defined "Related Action" as Civil Action No. 06-234-SRL. On information and belief, the Order stated that, with respect to the Related Action, "The Court therefore entered Final Judgment in favor of Alcon and against Teva on October 20, 2009."

114. On information and belief, the Order further provided that "Teva timely filed a notice of appeal challenging the Judgment of the United States District Court for the District of Delaware" and that "both parties agree that the outcome of the appeal of the Related Action may determine the proper resolution of this case depending on how the appeal is resolved."

115. On information and belief, the Federal Circuit Appeal No. 2010-1097 has not been reactivated.

116. On information and belief, neither Alcon nor Teva has taken any steps to reactivate Appeal No. 2010-1097.

117. On information and belief, Teva currently has a right to reactivate Appeal No. 2010-1097.

118. On information and belief, if Appeal No. 2010-1097 is not reactivated, Teva has no right to appellate review of the Court's October, 2009 judgment.

119.    On information and belief, the deadline has expired for reactivating the appeal seeking review of the Court's October, 2009 judgment.

## COUNTERCLAIM COUNT I
### (Declaratory Judgment Of Non-infringement of the '830 Patent)

120.    Lupin Ltd. repeats and re-alleges paragraphs 86 through 119 above as if fully set forth herein.

121.    Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market the 0.5% moxifloxacin HCl ophthalmic solution described therein prior to the expiration of the '830 patent does not infringe any of the claims of the '830 patent.

122.    Because Lupin Ltd. has not infringed the '830 patent, and will not infringe the '830 patent, Alcon Pharmaceuticals and Alcon Research are entitled to no damages or any other relief from or against Lupin Ltd.

123.    Lupin Ltd. is entitled to a declaratory judgment that Lupin Ltd.'s 0.5% moxifloxacin HCl ophthalmic solution has not infringed, directly or indirectly, any valid claim of the '830 patent.

## COUNTERCLAIM COUNT II
### (Declaratory Judgment Of Non-infringement of the '070 Patent)

124.    Lupin Ltd. repeats and re-alleges paragraphs 86 through 123 above as if fully set forth herein.

125.    Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market the 0.5% moxifloxacin HCl ophthalmic solution described therein prior to the expiration of the '070 patent does not infringe any of the claims of the '070 patent.

126.    Because Lupin Ltd. has not infringed the '070 patent, and will not infringe the '070 patent, Alcon Pharmaceuticals and Alcon Research are entitled to no damages or any other relief from or against Lupin Ltd.

127.    Lupin Ltd. is entitled to a declaratory judgment that Lupin Ltd.'s 0.5% moxifloxacin HCl ophthalmic solution has not infringed, directly or indirectly, any valid claim of the '070 patent.

## COUNTERCLAIM COUNT III
### (Declaratory Judgment Of Invalidity of the '830 Patent)

128.    Lupin Ltd. repeats and re-alleges paragraphs 86 through 127 above as if fully set forth herein.

129.    One or more of the claims of the '830 patent is invalid for failing to meet one or more conditions for patentability set forth under 35 U.S.C. §§ 101, 102, 103 and/or 112.

130.    Because one or more claims of the '830 patent is invalid, Alcon Pharmaceuticals and Alcon Research are entitled to no damages or other relief from or against Lupin Ltd. for any infringement of the '830 patent.

131.    Lupin Ltd. is entitled to a declaratory judgment that the claims of the '830 patent are invalid.

## COUNTERCLAIM COUNT IV
### (Declaratory Judgment Of Invalidity of the '070 Patent)

132.    Lupin Ltd. repeats and re-alleges paragraphs 86 through 131 above as if fully set forth herein.

133.    One or more of the claims of the '070 patent is invalid for failing to meet one or more conditions for patentability set forth under 35 U.S.C. §§ 101, 102, 103 and/or 112.

134.    Because one or more claims of the '070 patent is invalid, Alcon Pharmaceuticals and Alcon Research are entitled to no damages or other relief from or against Lupin Ltd. for any infringement of the '070 patent.

135.    Lupin Ltd. is entitled to a declaratory judgment that the claims of the '070 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Lupin Ltd. respectfully requests the Court enter judgment against Alcon Pharmaceuticals and Alcon Research to include:

(a)    a declaration that Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market the 0.5% moxifloxacin HCl ophthalmic solution described therein prior to the expiration of the '830 patent does not infringe any of the claims of the '830 patent;

(b)    a declaration that Lupin Ltd.'s submission of ANDA No. 202-867, seeking FDA approval to market the 0.5% moxifloxacin HCl ophthalmic solution described therein prior to the expiration of the '070 patent does not infringe any of the claims of the '070 patent;

(c)    a declaration that the claims of the '830 patent are invalid;

(d)    a declaration that the claims of the '070 patent are invalid;

(e)    a declaration that Alcon Pharmaceuticals and Alcon Research are entitled to no damages, interest, costs, or other relief from or against Lupin Ltd. for infringement of the '830 patent;

(f)    a declaration that Alcon Pharmaceuticals and Alcon Research are entitled to no damages, interest, costs, or other relief from or against Lupin Ltd. for infringement of the '070 patent;

(g)     a declaration that this case is exceptional and awarding Lupin Ltd. the reasonable

attorney fees and costs incurred pursuant to 35 U.S.C. § 285; and

(h)     granting Lupin Ltd. all such other and further relief as the Court deems just and

proper.

Dated:  December 7, 2011                          PHILLIPS, GOLDMAN & SPENCE, P.A.

                                                  /s/ John C. Phillips, Jr.
                                                  John C. Phillips, Jr. (No. 110)
                                                  Megan C. Haney (No. 5016)
                                                  1200 North Broom Street
                                                  Wilmington, DE 19806
                                                  (302) 655-4200
                                                  jcp@pgslaw.com
                                                  mch@pgslaw.com

OF COUNSEL:

Kelly L. Morron, Esq.
SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, NY 10103
212.753.5000

CH2\10724305.2